IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CR. No. C-06-149 |
| | § | |
| GREGORY A. MILLER, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING WITHOUT PREJUDICE MOTIONS FOR TRIAL

On March 14, 2008, the Clerk received from Defendant Gregory Miller a letter motion dated March 10, 2008 and addressed to the United States Marshal. (D.E. 7.) A similar motion was received from Miller on March 18, 2008. (D.E. 8.) In them, Miller explains that he is currently in the custody of the Texas Department of Criminal Justice, and that a federal detainer has been lodged against him to face the charge in the instant case. (D.E. 7 at 1; D.E. 8 at 2.) He requests that he be "bench warranted back to stand trial" or that the charges against him be dismissed. He argues that having the detainer lodged against him is harmful to his rehabilitation and that an excessive delay will prevent him from effectively defending himself. (D.E. 7 at 1; D.E. 8 at 2.)

Although not cited explicitly in his motions, it appears that Miller is relying on the following provision of the Speedy Trial Act, 18 U.S.C. § 3161(j). That statute provides:

> (1) If the attorney for the Government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly–
>
> (A) undertake to obtain the presence of the prisoner for trial; or
>
> (B) cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial.

>   (2) If the person having custody of such prisoner receives a detainer, he shall promptly advise the prisoner of the charge and of the prisoner's right to demand trial. If at any time thereafter the prisoner informs the person having custody that he does demand trial, such person shall cause notice to that effect to be sent promptly to the attorney for the Government who caused the detainer to be filed.
>
>   (3) Upon receipt of such notice, the attorney for the Government shall promptly seek to obtain the presence of the prisoner for trial.
>   . . .

18 U.S.C. § 3161(j).

It appears that Miller's motions to the Court are intended to serve as his notice demanding trial, pursuant to § 3161(j)(2). Assuming that to be the case, the onus to "promptly seek to obtain the presence of the prisoner for trial" is upon the attorney for the Government in this case. See 18 U.S.C. § 3161(j)(3). Accordingly, the Clerk is directed to provide a copy of Miller's motions to the United States Attorney.

To the extent that Miller's motions can be construed as requesting relief rom this Court in the form of the dismissal of the charges based on Speedy Trial grounds, he is not entitled to relief. As an initial matter, he does not appear to be asserting that a violation of Section 3161(j) has actually occurred. Moreover, even if he asserted and could prove a violation of Section 3161(j), the Speedy Trial Act does not provide dismissal as a remedy for such a violation. United States v. Anderton, 752 F.2d 1005, 1008 (5th Cir. 1985); see also Smith v. United States, 997 F.2d 881, 1993 WL 261127, *5 (5th Cir. 1993) (unpublished) (dismissal of the indictment is not available for a violation of 18 U.S.C. § 3161(j), citing United States v. Tanner, 941 F.2d 574 (7th Cir. 1991)); United States v. Lainez-Leiva, 129 F.3d 89 (2d Cir. 1997) (collecting authority holding same). Instead, Miller would have to make a showing of "sufficient prejudice" from the violation in order to be entitled to dismissal, presumably on Sixth Amendment grounds. See Anderton, 752 F.2d at

1008.  He has not alleged, let alone proved, any prejudice.  For all of these reasons, to the extent his motions seek dismissal of this case, his motions are DENIED WITHOUT PREJUDICE.

## **CONCLUSION**

For the foregoing reasons, Miller's motions (D.E. 7, D.E. 8) are DENIED WITHOUT PREJUDICE.  The Clerk is directed to forward copies of the motions to the attorney for the United States.

It is so ORDERED this 18th day of March, 2008.

_____
Janis Graham Jack
United States District Judge